LaROSE, Judge.
 

 James Lynn a/k/a James Donofrio appeals the denial of his “Motion to Accredit Jail Time.” The postconviction court addressed the motion under Florida Rule of Criminal Procedure 3.800.
 

 Mr. Lynn was arrested on October 2, 2007, for false application of a driver’s license, a third-degree felony.
 
 See
 
 § 322.212(5)(a), Fla. Stat. (2007). On December 16, 2008, he was sentenced on this charge and several others. He received only 7 days of jail credit for the false application charge. He claims entitlement to over 500 days’ credit.
 

 In denying relief, the postconviction court relied on a printout entitled “Pinellas County Justice Information System Custody Screen.” It shows that Mr. Lynn was, indeed, arrested on October 2, 2007, but that a bond was posted on October 8, 2007. Presumably, the postconviction court concluded that the court files did not establish that Mr. Lynn was entitled to relief.
 
 See
 
 Fla. R.Crim. P. 3.800(a) (providing for correction of sentence that does not grant proper credit for time served when record shows entitlement to relief). The postcon-viction court did not address Mr. Lynn’s motion under Florida Rule of Criminal Procedure 3.850.
 

 The printout is at odds with the sworn allegations of Mr. Lynn’s motion. Despite the bond, Mr. Lynn allegedly was never released from jail for the false application charge. He contends that this charge caused a violation of probation that precluded his release. Thus, according to Mr. Lynn, he was in jail on this charge from October 2, 2007, until sentencing in December 2008. The records relied upon by the postconviction court do not reflect that Mr. Lynn was actually released.
 

 The facts in
 
 Green v. State,
 
 979 So.2d 395 (Fla. 2d DCA 2008), are strikingly similar. Mr. Green filed a postconviction motion seeking additional jail credit.
 
 Id.
 
 at 395. The trial court denied the motion because the record showed that bond was posted.
 
 Id.
 
 Mr. Green’s sworn motion claimed that he was not actually released on bond, but was detained for a probation violation.
 
 Id.
 
 We reversed because the documents relied on by the trial court did not refute Mr. Green’s claim that he was not actually released.
 
 Id.
 
 at 396.
 

 Accordingly, we reverse and remand for the postconviction court to consider Mr. Lynn’s motion under rule 3.850. If appropriate, the postconviction court may conduct an evidentiary hearing concerning Mr. Lynn’s claimed entitlement to more jail credit for the sentence he received on the false application offense.
 

 Reverse and remanded with instructions.
 

 NORTHCUTT and KELLY, JJ., Concur.